# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**UNITED PARCEL SERVICES, INC.,**
**Employer Below, Petitioner**

**FILED**

**April 25, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0736** (BOR Appeal No. 2052843)
            (Claim No. 2018014744)

**JAY HANNAH,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner United Parcel Service, Inc., by Jeffrey B. Brannon, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is compensability. The claims administrator rejected the claim on December 28, 2017. The Office of Judges reversed the decision in its April 2, 2018, Order and held the claim compensable for contusion of the buttocks. The Order was modified by the Board of Review on July 20, 2018, and the compensable condition was determined to be bursitis of the right hip.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hannah, a delivery driver, alleges that he injured his buttocks and hip while driving his delivery van. United Parcel Services, Inc., Driver Vehicle Inspection reports from December 4, 2017, and December 8, 2017, indicate Mr. Hannah twice reported that his seat needed replaced because it had no cushion left. In a series of text messages dated December 12, 2017, Mr. Hannah wrote to an unnamed person that the seat in his truck was worn out and that he was hitting metal. He stated that his buttocks were sore all day when he drove it and that he had the truck for two weeks. The unidentified respondent stated that they spoke to Dave Williams, who was contacting

---

[1] A response was not filed on behalf of the respondent, Mr. Hannah.

the mechanic's supervisor to have the mechanic look at the seat that evening. In undated text messages, an unidentified person stated that he had shown the pictures to an automotive manager who stated that the seat looked normal. The seat was going to be reviewed again by the mechanics, but there was no guarantee it would be replaced.

Mr. Hannah sought treatment on December 14, 2017, and was seen by William Dalton, M.D., at MedExpress. The treatment note indicates Mr. Hannah reported joint pain and a right thigh injury that had been present for a week and a half. He stated that he had no cushion and was sitting on a metal seat for over a week. The diagnosis was other bursitis of the right hip, and Mr. Hannah was placed on modified duty. He was treated by Bria Hull, FNP, BC, four days later, and she diagnosed lumbago with sciatica. Mr. Hannah's symptoms were believed to be due to sciatica on the right. He was given exercises and told to rest. The claims administrator rejected the claim on December 28, 2017.

Prasadarao Mukkamala, M.D., performed a record review on February 27, 2018, in which he opined that there was no credible, objective medical evidence that Mr. Hannah sustained an injury on or around December 13, 2017. Dr. Mukkamala further opined that the diagnosis by Dr. Dalton was unsupported. He stated that Mr. Hannah reported nonspecific complaints of pain and that there was no credible evidence he sustained an injury.

David Soulsby, M.D., performed a record review on February 27, 2018, in which he opined that ischial tuberitis is not a known diagnosis. He stated that ischial bursitis is caused by excessive or inappropriate physical exercise or prolonged sitting. The condition is rare and causes pain in the buttock and usually a soft tissue mass. Dr. Soulsby opined that there was no justification for a diagnosis of sciatica in this case. He also opined that Mr. Hannah did not suffer from ischial bursitis since there was no soft tissue mass present in the buttocks. He stated that at most, Mr. Hannah could have suffered tenderness or a contusion to the buttocks. However, he opined that the condition would not require medical intervention. He concluded that the medical records failed to support an injury related to Mr. Hannah's work that would be severe enough to warrant medical attention.

Mr. Hannah testified in a hearing before the Office of Judges on March 9, 2018, that he had no preexisting problems with either his buttocks or low back. He stated that his seat was not replaced until December 13, 2017, after he was no longer able to work due to his injury. He asserted that the new seat is twice the size of the old one. Mr. Hannah testified that he reported that he needed a new seat twice and then told human resources about the problem. He stated that when he was driving, his buttocks would hit the bottom of the seat, which caused pain in his buttocks and sciatic nerve.

The Office of Judges reversed the claims administrator's rejection of the claim in its April 2, 2018, decision and held the claim compensable for contusion of the buttocks. It found that there was no medical report directly opining that Mr. Hannah sustained a work-related injury. The attending physician's report diagnosed ischial tuberitis/bursitis and a comment stated that Mr. Hannah's seat needed to be replaced. However, the report did not state that a work-related injury occurred. The Office of Judges found Dr. Soulsby's opinion that ischial tuberitis is not a known

diagnosis to be persuasive. It also found that the reports of record fail to provide a consistent diagnosis. Dr. Soulsby opined that a contusion could have occurred with the mechanism of injury and would be consistent with Mr. Hannah's symptoms. The Office of Judges concluded that a contusion is the most probable diagnosis.

The Office of Judges next found that in *Pittman v. Fola Coal Company and Greenbrier Smokeless Coal Mining, LLC*, No. 13-1130 (W.Va. Dec. 2, 2014) (memorandum decision), this Court held that the claimant's testimony was sufficient to provide a causal connection between his work and his medical condition. In that case, the only medical evidence of record merely stated that the cause of the condition was unknown. The Office of Judges found in the case at bar that Mr. Hannah's testimony and the facts surrounding his alleged injury are sufficient to show that he suffered a compensable injury. The Office of Judges noted that he drove a utilitarian van ten hours a day which required him to bounce up and down on a seat that had insufficient padding. Further, he reported the injury and sought medical treatment. The Office of Judges therefore held the claim compensable for contusion of the buttocks.

The Board of Review modified the Office of Judges' Order and held the claim compensable for bursitis of the right hip in its July 20, 2018, decision. It found that the medical providers who examined Mr. Hannah did not diagnose contusion of the buttocks. He was initially treated by Dr. Dalton at MedExpress and was diagnosed with bursitis of the right hip. Dr. Dalton stated that Mr. Hannah was to avoid sitting on hard surfaces for prolonged times and that his seat needed replaced. Mr. Hannah was also seen by Nurse Hall on December 18, 2017, and was diagnosed with lumbago with sciatica; however, she failed to address causation of the condition. The Board of Review therefore concluded that the claim should be held compensable for bursitis of the right hip.

After review, we agree with the reasoning and conclusions of the Board of Review. The treating physician at MedExpress, Dr. Dalton, examined Mr. Hannah, considered the mechanism of injury, and diagnosed right hip bursitis as a result of driving a vehicle with an improperly padded seat. The Board of Review was correct to modify the Office of Judges' Order and find that the proper diagnosis was bursitis since no physician of record that examined Mr. Hannah diagnosed buttock contusion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** April 25, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison